

# THE ATTORNEY GENERAL

# OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

May 29, 1969

Miss Wathena Douglas, Chairman
State Board of Cosmetology
Austin, Texas

Opinion No. M-410

Re: Travel Expense of members
of the Board of Cosmetology.

Dear Miss Douglas:

You have requested an opinion from this office on the question as hereinafter posed:

"Would you please give this office an opinion as to whether or not Section 1(f) of Article 734b of the Penal Code of the State of Texas which reads as follows:

" . . .

" 'Not more than One Hundred ($100.00) Dollars shall be authorized to defray the expenses of any member or members of the Board in attending any state conventions of beauty culturists and not more than Two Hundred ($200.00) Dollars shall be authorized to defray the expenses of any member or members of the Board in attending any conventions or meetings of beauty culturists outside the State of Texas; providing, that approval of the Attorney General shall be first had and obtained in writing, before any monies shall be expended for expenses incurred on any trip outside the State. Such expenses shall be paid out of the funds in the State Treasury to the credit of the Board of Cosmetology on a voucher or vouchers signed by the President and Secretary of the Board and countersigned by the Comptroller of Public Accounts. The members of the Board shall devote full time to the duties required by law.'

-2036-

" 'Conflicts with the provisions of Section 2 and 3a of Article 6823a (Travel Reg. Act of 1959) of the Revised Civil Statutes of Texas which reads as follows:

"Sec. 2.   The provisions of this Act shall apply to all officers, heads of state agencies, and state employees.  Heads of state agencies shall mean elected state officials, excluding members of the Legislature who shall receive travel reimbursement as provided by the Constitution, appointed state officials, appointed state officials whose appointment is subject to Senate confirmation, directors of legislative interim committees or boards, heads of state hospitals and special schools, and heads of state institutions of higher education.  (As amended by Acts 1967, 60th Leg.).

" 'Sec. 3a.  Reimbursement from funds appropriated by the Legislature for traveling and other necessary expenses incurred by the various officials, heads of state agencies, and employees of the state in the active discharge of their duties shall be on the basis of either a per diem or actual expenses as specifically fixed and appropriated by the Legislature in General Appropriation Acts. A per diem allowance shall mean a flat daily rate payment in lieu of actual expenses incurred for meals and lodging and as such shall be legally construed as additional compensation for official travel purposes only.' "

Article 734b, Section 1(f) of Vernon's Penal Code, authorizes the expenses of the Board Members and Secretary in attending conventions of beauty culturists.  This law limits the expenses of such Board members to $100.00 in attending conventions within the state, and setting a limit of not more than $200.00 in attending any convention outside the State of Texas.  This statute was originally enacted in 1935, and last amended by Acts 1963, 58th Legislature.  However, Sections 2 and 3a were last amended by Acts 1947, 50th Legislature.

In 1959, the 56th Legislature passed the Travel Regulations Act of 1959, which provides in Section 2 thereof the following:

"Sec. 2. The provisions of this Act shall apply to all officers, heads of state agencies, and state employees. Heads of state agencies shall mean elected state officials, excluding members of the Legislature who shall receive travel reimbursement as provided by the Constitution, appointed state officials, appointed state officials whose appointment is subject to Senate confirmation, directors of legislative interim committees or boards, heads of state hospitals and special schools, and heads of state institutions of higher education."

The Travel Regulation Act of 1959, codified as Article 6823a of Vernon's Civil Statutes, being the latest expression of the Legislature pertaining to reimbursement of appointed state officials whose appointments are subject to Senate confirmation for necessary expenses incurred in the active discharge of their duties, would control, since the Cosmetology Board members are appointed state officials, within the meaning of Sec. 2 of the Travel Regulation Act. (Art. 6823a, Vernon's Civil Statutes.) Furthermore, Section 13 of the Travel Regulation Act of 1959 provides:

"All laws and parts of laws in conflict with this Act are hereby repealed."

## S U M M A R Y

The Travel Regulation Act of 1959, codified as Article 6823a of Vernon's Civil Statutes, being the latest expression of the Legislature pertaining to travel expenses, in or out of the State of Texas, would control over the provisions of Article 734b of the Penal Code of the State of Texas, which limits the expenditure of Members of the Cosmetology Board in traveling to conventions in or out of the State of Texas.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John H. Banks
Assistant Attorney General

Miss Wathena Douglas, page 4 (M-410)


APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman
Monroe Clayton
Sam Kelley
Vince Taylor
Jerry Roberts

W. V. Geppert
Staff Legal Assistant

Hawthorne Phillips
Executive Assistant